THOMAS SEDGWICK, Jr., Respondent, v. J. M. BERRY, Appellant.

No. 1846; April 9, 1869.

**Bankruptcy—State Insolvent Law.**—Proceedings in insolvency under the state law for the relief of insolvent debtors and protection of creditors are not affected by the act of Congress of March 2, 1867, known as the Bankrupt Act.

APPEAL from Fifth Judicial District, San Joaquin County.

Montgomery & Underhill for respondent; Schell, Hewel & Budd for appellant.

SANDERSON, J.—One of the points made in this case relates to the effect of the act of Congress of the 2d of March, 1867, known as the Bankrupt Act, upon the statute of this state for the relief of insolvent debtors and protection of creditors. We have had occasion to consider that question, at the present term, in the case of Martin v. Berry [37 Cal. 208]. Under the conclusion reached in that case, the defendant's proceedings in insolvency, under the state law, were unaffected by the act of Congress, they having been commenced before that act took effect. The court below, therefore, erred in denying the motion of the defendant to quash the execution, upon the ground that his discharge under the state law was void. Our conclusion upon this point renders it unnecessary for us to consider the further question presented by the record, as to the validity of the judgment, considered by itself, upon which the execution was issued.

Order reversed, and the court below directed to quash the execution and perpetually stay the judgment.

We concur: Sawyer, C. J.; Crockett, J.; Sprague, J.; Rhodes, J.